875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CITIZENS & SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as
Trustee for GI Liquidating Company Trust, Plaintiff-Appellee,
v.
SPECIALTY EQUIPMENT, INC., a Delaware corporation,
Defendant-Appellant.
CITIZENS & SOUTHERN NATIONAL BANK OF SOUTH CAROLINA, as
Trustee for GI Liquidating Company Trust, Plaintiff-Appellee,
v.
SPECIALTY EQUIPMENT, INC., a Delaware corporation,
Defendant-Appellant.
 Nos. 88-2843, 88-2881.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 9, 1989.
Decided May 1, 1989.
 
 D.S.C.
 AFFIRMED IN PART AND REMANDED.
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Joe F. Anderson, Jr., District Judge. (CA-87-1783).
 David Lynn Freeman (Carl F. Muller, Wyche, Burgess, Freeman & Parham, P.A. on brief) for appellant.
 Jack Hardin Tedards, Jr. (Fletcher C. Mann, Steven E. Farrar, Leatherwood, Walker, Todd & Mann on brief) for appellee.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Specialty Equipment Companies, Inc. appeals a final judgment of the district court awarding the Citizens and Southern National Bank (C & S), as successor-in-interest of Gerlach Industries, Inc., $1,123,694 in actual damages for breach of contract. C & S claimed that Specialty failed to meet its obligations under the tax indemnification clause of an asset purchase agreement executed by Specialty, as buyer, and Gerlach, as seller, in October of 1987.
 
 
 2
 The district court held that, by the plain language of the disputed contract, Specialty undercompensated Gerlach for the tax consequences of certain recapture income realized by Gerlach in its "stub" reporting period. Alternatively, the court held that were the indemnification clause considered ambiguous, the extrinsic evidence of the parties intent supported C & S' interpretation of that clause.
 
 
 3
 Upon consideration of the record, the parties' briefs and oral arguments, and the district court's memorandum opinion, we agree with the district court's conclusion that the disputed contractual language requires Specialty to compensate Gerlach for all additional tax liability attributable to 1987 recapture income. Specifically, we affirm the court's holding that Specialty's liability under the indemnification clause is not limited to Gerlach's actual stub period tax payments, but also includes the prior-year refunds to which Gerlach would have been entitled had it not realized taxable final year recapture income.
 
 
 4
 We are concerned, however, that there may be an error in the district court's resulting computation of the exact amount of Gerlach's damages. Though Specialty did not expressly challenge the district court's computation of the actual amount due under the disputed contractual language, we think, on sua sponte consideration, that the record raises serious questions about its accuracy. Specifically, we suggest the possibility that a proper computation might be as follows:
 
 
 5
 $762,169 (actual federal taxes paid by Gerlach for 1983)
 
 
 6
 248,028 ($539,139 loss carried back to 1984 times .46 statutory tax rate)
 
 
 7
 520,683 (actual federal and state taxes paid by Gerlach in 1986 "stub"
 
 
 8
 period)
 
 
 9
 ----------
 
 
 10
 $1,530,881 Total amount required to compensate Gerlach for tax consequences of
 
 
 11
 assets sale
 
 
 12
 (520,683) Amount already paid by Specialty
 
 
 13
 ----------
 
 
 14
 $1,010,198 Final damages award
 
 
 15
 Such an award would be substantially less than the $1,123,694 actually awarded by the district court. Because the matter of computation was not briefed or argued before us, however, we think it prudent, rather than assuming the correctness of our concern for its accuracy, to remand this question to the district court for reconsideration and whatever correction in the judgment that may be warranted. By suggesting the possibility of specific error, we do not intend to bind the district court in its reconsideration.
 
 
 16
 We therefore affirm the determination of liability on the reasoning of the district court's comprehensive opinion, Citizens & Southern Nat'l Bank v. Specialty Equip. Cos., No. 6:87-1783-17 (D.S.C. May 9, 1988), but only to the extent that it resolved the parties' dispute over the effect of the asset purchase agreement's tax indemnification clause. On the question of the exact amount of damages, the case is remanded for reconsideration and the entry of an appropriate judgment.
 
 
 17
 AFFIRMED IN PART AND REMANDED.